## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SASHA KRAVER,

      Plaintiff,

vs.

RAPALLO SOUTH, INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

COMES NOW Plaintiff, SASHA KRAVER, by and through her undersigned counsel, and sues the Defendant, RAPALLO SOUTH, INC., and states as follows:

### I. NATURE OF THE ACTION

1. This is a civil action brought pursuant to the federal Fair Housing Act [hereafter "FHA"], 42 U.S.C. §§ 3601, *et seq.*, 42 U.S.C. § 1982, for damages and injuries arising from the Defendant, RAPALLO SOUTH, INC.'s unlawful discrimination against Plaintiff, SASHA KRAVER, a person with a disability.

### II. PARTIES

2. Plaintiff, SASHA KRAVER [hereafter "KRAVER" and/or "Plaintiff"], a resident and citizen of Palm Beach County, Florida, is an individual with a disability that qualifies her for the protections of the FHA. Plaintiff resides at 1801 S. Flagler Drive, Unit 1606, West Palm Beach, Florida 33401.

3. Defendant, RAPALLO SOUTH, INC. [hereafter "RAPALLO SOUTH" and/or "Defendant"], is a Florida non-profit corporation, organized and operating pursuant to Chapter 718, Florida Statutes, with its primary place of business and current mailing address 1801 S, Flagler Drive, West Palm Beach, Florida 33401, which is responsible for administering and governing its housing complex pursuant to its Articles of Incorporation, Declaration of Condominium and By-Laws, its Rules and Regulations, and Amendments thereto. It also sets, approves, and enforces the policies, practices, rules, and regulations for the RAPALLO SOUTH Community.

4. The condominium units governed by RAPALLO SOUTH are "dwellings" within the meaning of 42 U.S.C. § 3602(b) of the FHA.

5. RAPALLO SOUTH is subject to the anti-discrimination provisions of the FHA and amendments thereto.

### III. JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § § 3601, *et seq*. and § 3613.

7. The Court has jurisdiction to declare the rights and legal relations of the parties and to order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court is authorized to issue preliminary injunctive relief and a temporary restraining order pursuant to Federal Rules of Civil Procedure 65(a) and 65(b), and to award relief under 42 U.S.C. § 300a-7(c) and (d), including but not limited to, damages and attorneys' fees.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c). because Defendant resides in this District and the events giving rise to the Plaintiff's claims arose

in Palm Beach County which is within the confines of the West Palm Beach Division of the Southern District of Florida.

9. All conditions precedent to the bringing of this action by KRAVER have occurred, or their performance has been waived by Defendant.

### IV. FACTUAL ALLEGATIONS

10. KRAVER resides and at all times material hereto, has resided at 1801 S. Flagler Drive, Unit 1606, West Palm Beach, Florida 33401 in a unit located within the RAPALLO SOUTH community.

11. At all times material hereto, KRAVER suffered from, has a history of suffering from, and still suffers from a mental impairment that substantially limits one or more of her major life activities. Accordingly, KRAVER has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

12. KRAVER relies upon an assistance animal, a Miniature Goldendoodle named "Blu." Blu assists KRAVER by providing emotional support that helps KRAVER cope with her disability.

13. RAPALLO SOUTH does not allow dogs weighing more than 20 lbs.; prohibits all dogs from touching the flooring or grounds of any common area, including the parking lot, grass, garden, and pool areas, lobby, halls, and driveway; and requires that dogs be leashed and carried or transported in a carrier using only the service elevator or stairs so that dogs do not walk on RAPALLO SOUTH property upon exiting an apartment unit.

14. Blu weighs approximately 35 lbs. and KRAVER, a small female, cannot readily pick him up and/or carry him, much less up and down the 16 flights of stairs to and from her rental unit and off RAPALLO SOUTH property.

15. On September 13, 2020, KRAVER signed a lease agreement by which she was to lease Unit 1606 in RAPALLO SOUTH beginning October 1, 2020, and ending September 30, 2021. The lease is attached hereto and incorporated by reference as "Exhibit 1."

16. On or about September 15, 2020, KRAVER requested that RAPALLO SOUTH accommodate her disability by waiving its no-dog restriction so that she could live in her unit with her emotional support animal. In support of that request, she filled out a form required by RAPALLO SOUTH and provided a September 15, 2020, letter from her therapist, Deborah Beriro [hereafter "Therapist Beriro"], attached hereto and incorporated by reference as "Exhibit 2."

17. RAPALLO SOUTH, through its agent, attorney Martha "Marty" Platts, rejected the letter of verification, forcing KRAVER and her Landlord to delay the commencement of KRAVER's tenancy until October 15, 2021, and execute a new lease beginning October 15, 2020, and ending October 14, 2021 The delayed lease is attached hereto and incorporated by reference as "Exhibit 3."

18. On October 5, 2020, Therapist Beriro provided an additional, more detailed letter verifying that KRAVER has a disability-related need to reside with her dog for emotional support. The second letter of verification is attached hereto and incorporated by reference as "Exhibit 4."

19. On October 12, 2020, again through counsel, RAPALLO SOUTH purported to approve KRAVER's request for reasonable accommodation of her disability. The October 12, 2020, letter is attached hereto and incorporated by reference as "Exhibit 5."

20. While RAPALLO SOUTH claimed to have accommodated KRAVER's request for reasonable accommodation, the October 12, 2020, correspondence ostensibly conveying RAPALLO SOUTH's "approval" made it clear that persons with disabilities that rely upon

assistance animals were not welcomed but rather tolerated in the RAPALLO SOUTH community.

*Id.*

21. The October 12, 2020, letter purported to reserve to RAPALLO SOUTH:

> *the right, pursuant to Florida law, to withdraw this approval at any time should the support animal become a nuisance to others, which includes, but is not limited to: excessive noise or barking; failing to maintain the dog on a leash; an inability to keep the dog under your control; aggressive behavior; causing harm to others or property; your failure to properly dispose of waste and excrement; failure to comply with all federal, state and local ordinances and statutes; allowing the dog to roam and/or enter the property of another without permission; insect/extermination problems; sanitation/odor problems and/or failure to provide the Association with current and future annual vaccination records prior to the expiration of the rabies vaccination.*

*Id.*

22. The legal standard for a housing provider to demand removal of an assistance animal that provides disability-related support to a resident is a high one: the animal's behavior must pose a threat to the health or safety of other individuals or result in substantial physical damage to the property of others, and there must be no way of mitigating that threat.

23. The October 12, 2021, letter, solicited KRAVER's "acknowledgement" and signature, falsely implying that KRAVER's agreement to the illegal terms was a prerequisite to tenancy. *Id.*

24. During her tenancy, RAPALLO SOUTH has intentionally and unlawfully discriminated against KRAVER by continuing to harass her about a single complaint made once by her neighbor during the first week of her tenancy (and since unofficially retracted), that her dog had been barking [hereafter "the single ESA incident"]. On October 28, 2020 KRAVER received a letter commanding her to "immediately muzzle your emotional support animal to stop the incessant

howling and to immediately cease interfering with other residents' peaceful enjoyment of the community property," and threatening seeking removal of Blu and possible legal action. The October 28, 2020 letter is attached hereto and incorporated by refence as "Exhibit 6."

25. Upon information a belief, the October 28, 2020 letter was based upon a single complaint.

26. No one from RAPALLO SOUTH informed KRAVER that there had been a complaint before causing a threatening letter from an attorney to be sent to KRAVER.

27. During her tenancy, RAPALLO SOUTH has intentionally and unlawfully discriminated against KRAVER by intentionally delaying notifying KRAVER of the single ESA incident by communicating it weeks after it had occurred (and already been remedied by KRAVER) through a letter from its attorney instead of immediately notifying her by texting or calling her at the time of the incident so that KRAVER could immediately correct any problem as has been RAPALLO SOUTH's practice when a complaint of a Rule violation not involving KRAVER's emotional support animal was made, such as KRAVER talking on her phone too loudly.

28. On February 21, 2021 RAPOLLO SOUTH had another threatening letter from RAPOLLO SOUTH's attorney sent to KRAVER demanding KRAVER "have your emotional support animal with you at all times and to immediately cease interfering with other residents' peaceful enjoyment of the condominium property." The impetus for the February 21, 2021 letter was that KRAVER had allowed another person to care for Blu for three days while KRAVER was out of town.

29. Like the previous correspondence, the February 21, 2021 letter threatened permanent removal of KRAVER's emotional support animal and possible legal action. The February 21, 2021 letter is attached hereto and incorporated by reference as "Exhibit 7."

30. During her tenancy, RAPALLO SOUTH has intentionally and unlawfully discriminated against KRAVER by repeatedly sending her threatening letters through its attorney warning of

legal action and the permanent removal of her assistance animal for trivial and non-incidents, comprised of the single ESA incident and a complaint that KRAVER allowed a caretaker to care for Blu when KRAVER was away for three days.

31. During her tenancy, RAPALLO SOUTH has intentionally and unlawfully discriminated against KRAVER by having its office manager pointedly investigate where Blu was when the office manager heard that KRAVER was "away on vacation," despite that no complaints had been made against or about KRAVER or her dog, nor had her dog been in any common or other prohibited area.

32. None of the actions or incidents alleged by RAPALLO SOUTH involved behavior on Blu's part which posed a threat to the health or safety of other individuals. None of the actions or incidents alleged by RAPALLO SOUTH involved behavior on Blu's part which resulted in substantial physical damage to the property of others.

33. Even if the actions or incidents alleged by RAPALLO SOUTH actually occurred as claimed, RAPALLO SOUTH neither spoke directly with KRAVER nor sought or otherwise explored mitigation, but instead threatened permanent removal of KRAVER's emotional support animal and/or legal action.

34. Emotional support animals must be accommodated in no pet housing but are not legally allowed to accompany their handlers in places of public accommodation, making travel with an emotional support animal in many circumstances difficult or impossible. Consequently, persons with disabilities that live with emotional support animals may not be able to bring his/her emotional support animal when travelling.

35. There is no legal prohibition against a person that relies upon an emotional support animal from leaving his or her home for any period of time and/or leaving the animal in the care of another during that period.

36. At all times material, RAPALLO SOUTH was aware of KRAVER's disability and that her dog is an emotional support animal.

37. At no point did any agent or other representative of RAPALLO SOUTH speak to KRAVER regarding any of the two alleged incidents involving Blu, instead RAPALLO SOUTH repeatedly sent threatening letters through counsel that Blu would be permanently removed and that KRAVER would be subjected to legal proceedings.

38. The heavy-handed and unduly aggressive nature of RAPALLO SOUTH's one-sided communications to KRAVER regarding her emotional support animal, coupled with the discriminatory conditions upon the accommodation, have caused KRAVER to be anxious, depressed, and feel unwelcome in her own home as well as constantly fear the loss of her emotional support animal.

39. RAPALLO SOUTH's intolerance towards emotional support animal has culminated in KRAVER being commanded to choose between her home or her assistance animal. RAPALLO SOUTH's most recent correspondence demanding that KRAVER remove Blu immediately or be sued or subjected to a Petition for Arbitration and/or denied approval of her soon to be renewed lease is attached hereto and incorporated by reference as "Exhibit 8."

40. The catalyst for the demand that Blu be removed from RAPALLO SOUTH is that KRAVER left her "emotional support animal with a sitter while she traveled out of town." *Id.*

41. RAPALLO SOUTH's actions were, and continue to be intentional, deliberate, willful, and in total and reckless disregard of KRAVER's rights and show total indifference to KRAVER's disability.

42. RAPALLO SOUTH's actions are motivated by evil motive or intent, or involve reckless or callous indifference to KRAVER's federally-protected rights insofar as RAPALLO SOUTH'Ss knowledge that its action are in violation of federal law.

43. KRAVER has been injured by RAPALLO SOUTH's discriminatory housing practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

44. As a direct and proximate result of RAPALLO SOUTH's conduct, KRAVER has incurred and continues to incur attorney's fees, and has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

45. KRAVER retained undersigned counsel and is obligated to pay a reasonable fee for their services.

## V. CAUSES OF ACTION

### COUNT I
### MAKING A DWELLING UNAVAILABLE ON ACCOUNT OF DISABILITY

46. KRAVER re-alleges and incorporates by reference Paragraphs 1-45 as if fully set forth herein.

47. KRAVER is disabled by virtue of a mental impairment which substantially limits one or more of her major life activities.

48. KRAVER has a disability-related need to live with her emotional support animal, Blu, in order to have the same opportunity to use and enjoy her dwelling at RAPALLO SOUTH as any non-disabled resident.

49. KRAVER requested that RAPALLO SOUTH waive its pet prohibition policy so that she may reside with her emotional support animal.

50. RAPALLO SOUTH was provided reliable verification of KRAVER's disability and disability-related need to live with Blu.

51. Defendant, fully knowing of KRAVER'S disability-related need to live with her assistance animal nonetheless commanded that KRAVER remove her assistance animal or face legal action and "incur substantial legal fees."

52. RAPALLO SOUTH had actual knowledge of KRAVER's disability and disability-related need to live with Blu.

53. Arranging for a dog sitter for Blu while traveling out of town does not constitute a nuisance.

54. RAPALLO SOUTH's actions and conduct constitute a conscious and reckless disregard for KRAVER's rights and show total indifference for her disability.

55. The foregoing conduct and acts of Defendant constitute discrimination against a person with a disability in violation of 42 U.S.C.§ 3604(f)(l)(A), FHA, by making a dwelling unavailable because of a handicap.

56. As a result of the Defendant's conduct, Plaintiff has suffered damages.

57. The discriminatory conduct and actions of Defendant were intentional, willful, and taken in blatant disregard for the Plaintiff's rights.

58. As a direct and proximate result of RAPALLO SOUTH's discriminatory conduct, KRAVER has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiff, SASHA KRAVER, demands judgment against Defendant, RAPALLO SOUTH SOUTH, INC., declaring that the actions of RAPALLO SOUTH SOUTH, INC. violated, *inter alia*, the Fair Housing Act/Fair Housing Amendments Act by discriminating against a person with a disability, and awarding Plaintiff compensatory damages, punitive damages, attorneys' fees and costs, and injunctive relief, as well as any other such relief as this Court deems just and equitable.

**COUNT 2**
**CREATING A HOSTILE ENVIRONMENT**
**FOR DISABLED PERSONS THAT HAVE ASSISTANCE ANIMALS**

59. Plaintiff re-alleges and incorporates by reference Paragraphs 1-45 as if fully set forth herein.

60. It is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 42 U.S.C.S. §§ 3603, 3604, and 3606; 42 U.S.C. § 3617.

61. RAPALLO SOUTH has engaged in a pervasive intentional and unlawfully discriminatory course of conduct that creates a hostile environment for residents that rely upon assistance animals, including but not limited to:

   a. Responding to one (alleged) complaint regarding KRAVER's emotional support animal with a threatening letter from an attorney;

   b. Sending a second threatening letter from an attorney because KRAVER had left her emotional support animal with a sitter when she was out of town for three days;

   c. Demanding that KRAVER permanently remove her emotional support animal simply because she traveled without her dog;

    d.  Threatening to not approve KRAVER's soon to be renewed lease if she did not remove her emotional support animal;

    e.  Conditioning approval of KRAVER's emotional support animal on the ability of RAPALLO SOUTH to remove the animal for trivial offenses that do not indicate that the animal is a nuisance or a threat to the health or safety of other residents;

    f.  Rejecting perfectly adequate verification of KRAVER's disability-related need for an accommodation, causing delay in KRAVER being able to occupy her rental unit simply because the letters of verification written by the mental health care professional did not contain legal jargon like "substantially limits major life activities."

62. RAPALLO SOUTH, through its conduct and action described above, violated 42 U.S.C. § 3617 of the FHA by coercing, intimidating, threatening, or interfering with KRAVER in the exercise and enjoyment of her fair housing rights and creating an environment hostile to a person with a disability-related need for an emotional support animal.

63. The discriminatory conduct of RAPALLO SOUTH was intentional, willful, and taken in disregard for Plaintiff's rights.

64. As a direct and proximate result of the Defendant's conduct, the Plaintiff has incurred and continues to incur attorney's fees, and suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiff, SASHA KRAVER, demands judgment against Defendant, RAPALLO SOUTH SOUTH, INC., declaring that the actions of RAPALLO SOUTH SOUTH, INC. violated, *inter alia*, the Fair Housing Act/Fair Housing Amendments Act by discriminating against a person with a disability, and awarding Plaintiff compensatory damages, punitive

damages, attorneys' fees and costs, and injunctive relief, as well as any other such relief as this Court deems just and equitable.

## COUNT 3
## DISCRIMINATION IN THE PROVISION OF SERVICES OR FACILITIES IN CONNECTION WITH A DWELLING (42 U.S.C. § 3604(f)2))

65. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45, as if fully set forth herein.

66. The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a [disability]." 42 U.S.C. § 3604(f)(2).

67. KRAVER has a disability-related need to have her emotional support animal, Blu, in her residence without interruption.

68. At all times relevant to this Complaint, RAPALLO SOUTH had actual knowledge of KRAVER's disability and disability-related need for an accommodation.

69. Notwithstanding the same, RAPALLO SOUTH intentionally and unlawfully discriminated against KRAVER because of KRAVER's need for her emotional support animal.

70. RAPALLO SOUTH has threatened to deny approval of KRAVER's renewed lease and thus continued tenancy and, in the current dearth of housing – affordable and otherwise – in this existing pandemic era, force her to a state of homelessness; to trespass in and upon KRAVER's property and remove Blu; to leave KRAVER without accommodation of a known, disability-related need for her emotional support animal; to levy fines against KRAVER's landlord and/or KRAVER; to file legal proceedings against KRAVER; to pursue KRAVER for legal fees as well as costs associated with Blu's removal.

71. RAPALLO SOUTH, knowing of KRAVER's disability-related need to have her emotional support animal, nonetheless threatened, by email and certified mail, that they will trespass on the KRAVER's property and remove Blu, leaving KRAVER with her emotional support animal.

72. RAPALLO SOUTH, knowing of the current dearth of housing – affordable and otherwise – in this existing pandemic era, has nonetheless threatened, by email and certified mail, to deny approval of KRAVER's renewed lease and thus continued tenancy and instead force her to a state of homelessness.

73. RAPALLO SOUTH's foregoing acts constitute discrimination against a disabled person in the terms, conditions, or privileges of sale or rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2).

74. RAPALLO SOUTH's actions are and were in total and reckless disregard of the KRAVER's rights, and are and were indifferent to KRAVER's disability-related needs.

75. As a direct and proximate result of RAPALLO SOUTH's discrimination in the terms, conditions, or provisions of services, KRAVER suffered, and continues to suffer, irreparable loss and injury including, but not limited to, monetary damages, mental anguish, loss of dignity, emotional distress, humiliation, invasion of privacy, loss of her rights to equal housing opportunities regardless of disability, and loss of unfettered access to her dwelling.

76. As a further direct and proximate result of the RAPALLO SOUTH's discrimination in the terms, conditions, or provisions of services, KRAVER suffered, and continues to suffer, risk of and fear of risk of, future harm, injury, and exacerbation of a known mental impairment that substantially limits one or more of her major life activities.

**WHEREFORE,** Plaintiff, SASHA KRAVER, demands judgment against Defendant, RAPALLO SOUTH SOUTH, INC., declaring that the actions of RAPALLO SOUTH SOUTH,

INC. violated, *inter alia*, the Fair Housing Act/Fair Housing Amendments Act by discriminating against a person with a disability, and awarding Plaintiff compensatory damages, punitive damages, attorneys' fees and costs, and injunctive relief, as well as any other such relief as this Court deems just and equitable.

## COUNT 4
## ILLEGAL INTIMIDATION

77. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45, as if fully set forth herein

78. RAPALLO SOUTH, in spite of being apprised of KRAVER's disability-related need for her emotional support animal, has repeatedly threatened Blu's permanent removal, fines, non-approval of her lease renewal, legal fees, and costs.

79. RAPALLO SOUTH violated and continues to violate 42 U.S.C. § 3617 of the FHA by coercing, intimidating, threatening, and interfering with KRAVER's exercise and enjoyment of her Fair Housing rights.

80. RAPALLO SOUTH's discriminatory conduct is and was intentional, willful, and taken in disregard for KRAVER's rights.

81. As a direct and proximate result of RAPALLO SOUTH's conduct, KRAVER does not want to leave her home, carries great trepidation when leaving her home that RAPALLO SOUTH will trespass into and onto her property and remove Blu, experiences paranoia in and around the RAPALLO SOUTH Community that other residents are questioning, judging, ridiculing and otherwise criticizing her, and otherwise does not feel welcome, comfortable, or safe from the hostility created, culled, and otherwise fostered by RAPALLO SOUTH.

82. As a direct and proximate result of RAPALLO SOUTH's conduct, KRAVER suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss

of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiff, SASHA KRAVER, demands judgment against Defendant, RAPALLO SOUTH, INC., declaring that the actions of RAPALLO SOUTH, INC. violated, *inter alia*, the Fair Housing Act/Fair Housing Amendments Act by discriminating against a person with a disability, and awarding Plaintiff compensatory damages, punitive damages, attorneys' fees and costs, and injunctive relief, as well as all other such relief as this Court deems just and equitable.

## VI.  THIS COURT'S POWER TO GRANT RELIEF

83. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45, as if fully set forth herein.

84. Plaintiff has suffered and incurred irreparable damage, and continues to suffer and incur irreparable damage.

85. The FHA and Rule 65 of the Federal Rules of Civil Procedure, collectively and singularly, empower this Court to grant a temporary restraining order, preliminary injunctive and permanent injunctive relief, and/or such other relief as the Court may deem appropriate to hold and redress the violations of any provision of law enforced by the FHA. The Court, in the exercise of its equitable jurisdiction may award financial relief, accommodation directives, policy modification, and restoration of access privileges to prevent and remedy any violation of any provision of law enforced by the FHA

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff SASHA KRAVER, demands judgment against Defendant, RAPALLO SOUTH, INC., and respectfully requests that this Court enter an Order:

a) declaring that the actions of RAPALLO SOUTH, INC. violated, *inter alia*, the Fair Housing Act/Fair Housing Amendments Act by discriminating against persons with a disability;

b) issuing a temporary restraining order and preliminary injunction immediately enjoining and prohibiting RAPALLO SOUTH, INC., including but not limited to its Association members, future members, Board of Directors, Officers, property managers, employees, agents, volunteers, interns, attorneys, and representatives, from removing, tampering with, altering, inhibiting, precluding, depriving, limiting, or otherwise interfering with KRAVER's renewal of her lease, her tenancy, and/or presence of her emotional support animal at RAPALLO SOUTH, Inc.;

c) entering a permanent injunction enjoining and prohibiting Defendant RAPALLO SOUTH, INC. from discriminating against any person based upon handicap by refusing to make a reasonable accommodation when such accommodation may be necessary to afford a person with a handicap an equal right to enjoy a dwelling or by requiring persons to acknowledge and sign terms of residency that are not in compliance with the FHA;

d) requiring Defendant RAPALLO SOUTH, INC. to notify and distribute, in writing to each and every resident of the RAPALLO SOUTH, INC. community, a legal statement enumerating its residents' FHA rights with respect to, among other things, disability-related accommodations;

e) awarding to Plaintiff such damages as would fully compensate her for her injuries caused by RAPALLO SOUTH, INC.'s discriminatory conduct;

f) awarding to Plaintiff punitive damages;

g) awarding to Plaintiff her attorney's fees and costs incurred in bringing this action and associated and affiliated with enforcement of the FHA and otherwise associated with her protection thereunder; and

h) granting all other such relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this 20th day of September, 2021.

| | |
|---|---|
| MARCY I. LAHART, P.A. | VENZA LAW, PLLC |
| | |
| 207 SE Tuscawilla Road | 931 Village Boulevard, #905-322 |
| Micanopy, FL 32667 | West Palm Beach, FL 33409 |
| Telephone: (352) 224-5699 | office: (561) 596-6329 |
| Facsimile: (888) 400-1464 | dvenza@venzalawpllc.com |
| marcy@floridaanimallawyer.com | |
| | |
| BY: *s/ Marcy I. LaHart* | BY: *s/ Denese Venza* |
| Marcy I. LaHart, Esq. | Denese Venza, Esq. |
| Florida Bar No. 0967009 | Florida Bar No. 599220 |
| Counsel for Plaintiff | Counsel for Plaintiff |